UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CARL FALLICA and HELENE FALLICA,

                                       MEMORANDUM AND ORDER

                Plaintiffs,                CV 0801564

    -against-                             (Wexler, J.)

TOWN OF SMITHTOWN, et. al,

                Defendants
----------------------------------------------------------X
APPEARANCES:

    RUSSO, KARL, WIDMAIER & CORDANO, PLLC
    BY: RICHARD T. CORDANO, ESQ.
    Attorneys for Plaintiffs
    400 Town Line Road
    Hauppauge, New York 11788

    WINGET, SPADAFORA & SCHWARTZBERG, LLP
    BY: MELISSA L. MORAIS, ESQ.
    Attorneys for Defendants
    45 Broadway, 19th Floor
    New York, New York 10006

WEXLER, District Judge:

This is an action alleging federal civil rights claims pursuant to 42 U.S.C. §1983 ("Section 1983"). Specifically, Plaintiffs claim deprivation of their rights to Equal Protection and Substantive Due Process of Law under the Fourteenth Amendment to the Constitution of the United States. The claims here arise out of Plaintiffs' desire to build on property located in the town of Smithtown. State law claims have previously been litigated with respect to the property at issue in the courts of the State of New York, in the context of a proceeding brought pursuant to

1

Article 78 of the CPLR.

Presently before the court is the motion of all Defendants, pursuant to Rule 12 of the Federal Rules of Civil Procedure, to dismiss. It is Defendants' contention that the present action is barred by res judicata. For the reasons set forth below, the motion is denied.

## DISCUSSION

I. Res Judicata: General Principles

Under the Full Faith and Credit Clause of the Constitution, a federal court is required to give the same preclusive effect to a state court judgment as would be given under the law of the state in which the judgment was rendered. Migra v. Warren City School Dist., 465 U.S. 75, 81 (1984); Johnson v. Watkins, 101 F.2d 792, 794 (2d Cir. 1996). Accordingly, the court must consider the law of the State of New York when determining the preclusive effect of the prior proceeding.

Under New York law, res judicata bars re-litigation of a claim actually raised, as well as those that might have been raised in the prior proceeding. Parker v. Blauvelt Volunteer Fire Co., 690 N.Y.S.2d 478, 481 (1999). Claims that might have been raised in the first proceeding include all claims "arising out of the same transaction or series of transactions . . . even if based upon different theories or if seeking a different remedy." Id.; see Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir. 1986), citing, Smith v. Russell Sage College, 54 N.Y.2d 185, 192-93 (1981).

II. Disposition of the Motion

Defendants argued that res judicata bars this action because the federal civil rights claims raised here could have been raised in the context of the Article 78 proceeding. While the court agrees that the claims here arise out of the same factual circumstances as those in the Article 78

2

proceeding, the court disagrees as to the preclusive effect of that proceeding.

Both the New York Court of Appeals and the Second Circuit Court of Appeals have held that a judgment in a prior Article 78 proceeding does not have claim preclusive effect on a subsequent civil rights claim for monetary damages. See Parker, 690 N.Y.S.2d at 482; Davidson, 792 F.2d at 278; see also Shelter Inc. Realty v. City of New York, 2007 WL 29380 *5 (E.D.N.Y. 2007); Cowart v. Pico, 2000 WL 272308 *1 (S.D.N.Y. 2007), aff'd. mem, 29 Fed.Appx. 639 (2d Cir. 2002). This is because the full measure of relief sought by a civil rights plaintiff is not available in the context of an Article 78 proceeding. Colon v. Coughlin, 58 F.3d 865, 870 (2d Cir. 1995); Davis v. Halpern, 813 F.2d 37, 37 (2d Cir. 1987). Accordingly, despite the fact that this case arises out of the same facts as the Article 78 proceeding, res judicata does not bar this action.

## CONCLUSION

For the foregoing reasons, the court denies Defendants' motion to dismiss. The parties are directed to go forward with discovery. The Clerk of the Court is directed to terminate the motion to dismiss..

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 22, 2008